UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIENDI MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>AVIS BUDGET GROUP, INC., et al.,<br><br>    Defendants. | No. 2:17-cv-00869-JAM-KJN<br><br>**ORDER COMPELLING ARBITRATION** |

    This matter involves a $103.15 transaction for a rental car that Wiendi Morgan ("Plaintiff") reserved and subsequently cancelled. Avis Budget Group, Inc., and Budget Rent A Car System, Inc., ("Defendants") now seek an order compelling arbitration of this dispute and dismissing the action. For the reasons set forth below, Defendants' motion is granted.[1]

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    On September 1, 2016, Plaintiff made a reservation online for a rental car with Defendants. Compl. at ¶ 9; Declaration of Marla Blume ("Blume Decl.") at ¶ 7. Plaintiff cancelled the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 25, 2017.

1

rental car the next day, prior to the scheduled reservation, and never picked up the car. Id. at ¶¶ 11 & 13. Plaintiff alleges that Defendants still charged her card for the reservation even though she never provided them with authorization to charge the card. Id. at ¶¶ 10 & 13. The charge was for $103.15. Id. at ¶ 13.

Plaintiff became a member of Defendants' Fastbreak Program after submitting an online application on July 23, 2014. Blume Decl. at ¶ 6. The Fastbreak Program enables customers to bypass the service counter when they rent vehicles from Defendants. Id. at ¶ 3. When Plaintiff enrolled in the program, she acknowledged that she had "read, understood, and agree[d] to the Budget Fastbreak Global Master Rental Agreement Terms and Conditions." Id. at ¶ 5, Exh. A. The Terms and Conditions Plaintiff agreed to in 2014 contained a provision that Defendants have "the right to change these Terms and Conditions . . . upon [Defendants] posting such changes on the Budget Web site" and that "[s]uch changes will apply to rentals that [one] reserve[s] after . . . the date such changes are posted on the Budget Web site." Id. at ¶ 8, Exh. C at ¶ 1.D. On April 22, 2016, the Terms and Conditions were revised and posted on Budget's website. Id. at ¶ 9. The revised Terms and Conditions contained an arbitration provision which states:

> [I]n the event of a dispute that cannot be resolved informally through the pre-dispute resolution procedure, all disputes between you and Budget arising out of or relating to or in connection with your rental of a vehicle from Budget and these Rental Terms and Conditions shall be exclusively settled through binding arbitration through the American Arbitration Association ("AAA") pursuant to the AAA's then-current rules for commercial arbitration.

Id., Exh. D at 11. The "Pre-Dispute Resolution Procedure" requires the customer and Budget to give the other party written notice of a claim thirty days before initiating a proceeding (i.e. arbitration) to assert that claim and make a reasonable good faith effort to resolve the claim. Id., Exh. D at 10.

Plaintiff alleges that she notified Defendants of her legal claims through her counsel and by mail on January 6, 2017, and February 10, 2017. Compl. at ¶¶ 23 & 24. She further alleges Defendants did not respond to either letter. Id. Plaintiff filed this action in April 2017 alleging breach of contract, fraud, unfair business practices, and violations of the California Consumer Legal Remedies Act.

## II.  OPINION

### A.  Subject Matter Jurisdiction

On July 14, 2017, the Court ordered the parties to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. ECF No. 15. Plaintiff alleges damages in excess of $75,000. Compl. at 7. The Court noted that the transaction in dispute involved a charge of $103.15 and that "[e]ven accounting for plausible attorney's fees, the amount in controversy appears to be far below the required $75,000 figure." Id.

In response to the Court's order, Defendants argue that Plaintiff failed to provide evidence establishing it is more likely than not that the amount in controversy exceeds $75,000. Def. Resp. at 2-3. Defendants point out that Plaintiff did not provide any evidence to support attorneys' fees over that threshold and that Plaintiff, in her Complaint, effectively

admits that the $103.15 was returned to Plaintiff, which removes that sum from Plaintiff's damages claim. See Compl. at ¶ 22 ("Defendants charged Plaintiff's credit card in the amount of $103.15—funds that were not returned to Plaintiff for several weeks."). Defendants contend Plaintiff has not met her burden.

However, Plaintiff correctly argues that this Court must apply the "legal certainty" test to determine whether the complaint meets the amount in controversy requirement. P. Resp. at 2; see Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). "Under this test, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Naffe, 789 F.3d at 1040 (citation and quotation marks omitted). "Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." Id. (citation and quotation marks omitted).

Plaintiff contends that the potential attorneys' fees, punitive damages, statutory damages, and the value of the equitable relief she seeks under California's Unfair Competition Law may amount to over $75,000. Although the Court remains skeptical that the amount in controversy is met, the Court cannot draw the contrary conclusion to a legal certainty based on the briefs and record before it at this time. The action is not dismissed on this basis.

B. <u>Arbitration</u>

Under the Federal Arbitration Act, the Court must compel arbitration if (1) a valid agreement to arbitrate exists and (2) the dispute falls within the scope of that agreement. <u>Geier v. m-Qube Inc.</u>, 824 F.3d 797, 799 (9th Cir. 2016).

Defendants argue that by enrolling in the Fastbreak Program, Plaintiff accepted the Fastbreak Program's Terms and Conditions and agreed to be bound to those terms. Mot. at 5. Additionally, Plaintiff agreed to be bound to subsequent changes to those Terms and Conditions as posted on the Budget Web site. <u>Id.</u> Therefore, Defendants argue, Plaintiff is bound by the arbitration clause posted on the Budget website on April 22, 2016, with respect to her reservation made on September 1, 2016. Mot. at 6.

Plaintiff does not contend that she was unaware of the arbitration clause, that she did not agree to the arbitration clause, that the clause is invalid, or that her claims fall outside the scope of the arbitration clause. Plaintiff instead argues that Defendants waived their right to compel arbitration by failing to follow the informal dispute resolution procedure outlined in the Terms and Conditions. Opp. at 2-5.

"Waiver of the right to arbitration is disfavored[;]" therefore, "any party arguing waiver of arbitration bears a heavy burden of proof." <u>Fisher v. A.G. Becker Paribas Inc.</u>, 791 F.2d 691, 694 (9th Cir. 1986) (citation and quotation marks omitted). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from

5

such inconsistent acts." Id.

Plaintiff does not address this standard in her Opposition. Instead, Plaintiff cites generally to the rule that "a party to a contract may by conduct or representation waive the performance of a condition thereof, or be held estopped by such conduct or representations to deny that he has waived such performance." Opp. at 2 (quoting Panno v. Russo, 82 Cal. App. 2d 408, 412 (1947)). Neither of the two cases cited in Plaintiff's Opposition involved waiver of an arbitration provision and Plaintiff provides no other authority for the proposition that Defendants' alleged failure to follow the informal dispute resolution procedure constitutes a waiver of the arbitration provision.

The Court rejects Plaintiff's waiver argument for two reasons. First, Plaintiff has not carried her "heavy burden" in meeting the waiver elements outlined in Fisher. She has not shown that Defendants acted "inconsistently" with the right to arbitrate. Extended engagement in litigation despite the presence of an arbitration provision would constitute such inconsistent behavior. See, e.g., In re Toyota Motor Corp. Brake Mktg., Sales, Practices & Prods. Liab. Litig., No. 8:10-ML-02172-CJC(RNBx), 2011 WL 13160304 (C.D. Cal. Dec. 20, 2011) (finding Toyota had acted inconsistently with its right to arbitrate by vigorously litigating the federal court action for nearly two years). Here, in contrast, Defendants invoked the arbitration clause at the first opportunity. Furthermore, Plaintiff has not shown prejudice. The expense incurred in filing a lawsuit in court when one is party to an arbitration agreement is a "self-

inflicted" wound and does not demonstrate prejudice. See Martin v. Yasuda, 829 F.3d 1118, 1126 (9th Cir. 2016) ("To prove prejudice, plaintiffs must show more than 'self-inflicted' wounds that they incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement.") (citing Fisher, 791 F.2d at 698). "Such wounds include costs incurred in preparing the complaint, serving notice, or engaging in limited litigation regarding issues directly related to the complaint's filing, such as jurisdiction or venue." Id. Defendants did not cause Plaintiff's expenses. Rather than allowing litigation to drag on and forcing Plaintiff to expend considerable time and funds in pursuit of her claims, Defendants moved to compel arbitration in their first responsive filing in this case. Cf. Martin, 829 F.3d at 1127 (finding prejudice after seventeen months of litigation in which the district court had ruled in the plaintiff's favor on several legal issues); Gutierrez v. Wells Fargo Bank, NA, 704 F.3d 712, 721 (9th Cir. 2012) (finding prejudice where the defendant moved for arbitration five years into litigation, once the case was already in appellate proceedings). The requisite prejudice is not present.

Second, the discussion of the facts of this case that Plaintiff includes in her Opposition omits any mention of Defendants' response to Plaintiff's initial letter to Defendants. Plaintiff's letter, titled "THIS IS AN OFFER OF COMPROMISE PRIOR TO SUIT" and dated October 12, 2016, asked Defendants to pay Plaintiff $75,000 in settlement. Declaration of Maytak Chin ("Chin Decl."), Exh. 1. Defendants responded to her demand with a letter, dated November 14, 2016, informing her that the charge

would be credited to her MasterCard account in the amount of $103.15, that three free rental day certificates would be issued to her Fastbreak profile, and that Budget denied her request for a financial settlement. Chin Decl., Exh. 2. This letter is consistent with paragraph 22 of the Complaint, in which Plaintiff states that the $103.15 was "not returned to Plaintiff for several weeks." It appears, then, that rather than ignoring Plaintiff's "pre-litigation communications" entirely, see Opp. at 5, Defendants unequivocally told Plaintiff they would not offer her a financial settlement. Thus, the facts do not support Plaintiff's waiver argument.

The Court finds that Defendants did not waive their right to arbitration and Plaintiff is bound to the arbitration clause. While the Court is authorized to stay the action, 9 U.S.C. § 3, there is no apparent reason to stay the case rather than dismissing the action as Defendants request. See Horne v. Starbucks Corp., No. 2:16-cv-02727-MCE-CKD, 2017 WL 2813170 (E.D. Cal. June 29, 2017) (compelling arbitration and dismissing the action).

## III.  ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Compel Arbitration and dismisses the action.

IT IS SO ORDERED.

Dated: August 2, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8